UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HEALTH AND HAPPINESS INTERNATIONAL HOLDINGS LIMITED,<br><br>                      Plaintiff,<br><br>-against-<br><br>STOLTZE SPECIALTY PROCESSING, LLC, et al.,<br><br>                      Defendants. | 1:22-cv-10380 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

      On December 8, 2022, Plaintiff commenced this action on the basis of diversity jurisdiction. ECF No. 1. Plaintiff alleges that Plaintiff is a "limited liability company, organized and existing under the laws of Hong Kong." *Id.* ¶ 9. Plaintiff alleges that Defendant Stoltze Specialty Processing, LLC is a "limited liability company, organized and existing under the laws of Minnesota," *id.* ¶ 10, and that Defendant Maple Island, Inc. is a "corporation organized and existing under the laws of Minnesota." *Id.* ¶ 11.

      "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction . . . ." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (quoting *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006)). Diversity jurisdiction exists only if "diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Id.* (quoting *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 388 (1998)).

      A limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000). The citizenship of each member of an LLC must be affirmatively alleged. *See Tutor*

*Perini Bldg. Corp. v. N.Y.C. Reg'l Ctr.*, LLC, No. 20-cv-00731 (PAE), 2020 WL 7711629, at *2 (S.D.N.Y. Dec. 29, 2020); *Brown v. Keene*, 33 U.S. 112, 114 (1834) ("The decisions of this court require, that the averment of jurisdiction shall be positive, that the declaration shall state expressly the fact on which jurisdiction depends."). In other words, "if any of an LLC's members are themselves non-corporate entities, then a plaintiff must allege the identity and citizenship of their members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC." *United States Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020) ("In pleading an LLC's citizenship, the identity and citizenship of each member has to be specifically alleged.") (collecting cases). A corporation is a citizen of every state by which it is incorporated and where it has its principal place of business. *Platinum-Montaur Life Scis., LLC*, 943 F.3d at 615 (citing 28 U.S.C. § 1332(c)(1)).

Moreover, Federal Rule of Civil Procedure 7.1(a)(2) requires that a corporate party file, at the time the action is commenced, a disclosure statement that "must name – and identify the citizenship of – every individual or entity whose citizenship is attributed to that party . . ."

Here, Plaintiff has failed to properly allege the citizenship of each party. Plaintiff has not alleged the members of the party limited liability companies, and those members' members, down the chain of ownership. Nor has Plaintiff alleged the principal place of business of the corporate party. And Plaintiff has failed to fully and properly complete the Rule 7.1 Statement, which requires the foregoing information.

Accordingly, IT IS HEREBY ORDERED that, **no later than December 16, 2022**, Plaintiff shall file on ECF a letter, supported by one or more sworn affidavits, alleging the citizenship of each party – including the citizenship of each limited liability company member, and those members' members, down the chain of ownership – and showing that complete

diversity exists in this case.  Plaintiff shall also file an amended Rule 7.1 Disclosure.  If Plaintiff is unable to allege a good-faith basis for complete diversity of citizenship, the action will be dismissed for lack of subject-matter jurisdiction, without further notice to the parties.

Dated: December 9, 2022
      New York, New York

                                        SO ORDERED.

                                        JENNIFER L. ROCHON
                                        United States District Judge