UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HEALTH AND HAPPINESS
INTERNATIONAL HOLDINGS LIMITED,

                Plaintiff,

-against-

STOLTZE SPECIALTY PROCESSING, LLC, et al.,

                Defendants.

1:22-cv-10380 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

      Plaintiff commenced this action on December 8, 2022 on the basis of diversity jurisdiction. ECF No. 1. On December 9, 2022, the Court ordered Plaintiff to supplement its allegations of the parties' citizenship, including the citizenship of each limited liability company member, and those members' members, down the chain of ownership, for purposes of establishing complete diversity. ECF No. 8. Plaintiff filed a letter and supporting documentation on December 16, 2022. ECF Nos. 9-12. For the following reasons, Plaintiff still has not shown compete diversity of citizenship.

      In its December 16 submission, Plaintiff states that Defendant Stoltze Specialty Processing, LLC ("SSP") is a limited liability company and that, as evidenced by a 2012 agreement, SSP's members include an individual (Greg Johnson) and 10 trusts. *See* ECF Nos. 9 at 2, 10-1. But Plaintiff does not state the citizenship of these members or any other information necessary to determine the citizenship of such trusts.[1] Rather, Plaintiff describes steps it has

---

[1] The citizenship of a trust depends on the type of trust at issue. *See Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 729, 731 (2d Cir. 2017). For "traditional trusts," which "establish a mere fiduciary relationship and, as such, [are] incapable of suing or being sued in [their] own name," citizenship is determined by the citizenship of each of the trust's trustees. *Id.*

taken to identify SSP's members' citizenship and concludes that, "[a]fter taking these steps we determined that any further information is not currently available to us and may only be learned through jurisdictional discovery." ECF No. 9 at 3. Plaintiff, therefore, has not met its burden of establishing the parties' citizenship as of the date this action was commenced. *See, e.g., Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617 (2d Cir. 2019).

Additionally, Plaintiff has not adequately stated its own citizenship. In its Complaint, Plaintiff alleges that Plaintiff Health and Happiness International Holdings Limited ("H&H") is a "limited liability company, organized and existing under the laws of Hong Kong" but does not identify H&H's members. ECF No. 1 ¶ 9. Plaintiff's December 16 submission states that H&H "has shareholders, not members like a traditional limited liability company would have" and that H&H is listed on The Stock Exchange of Hong Kong Limited. ECF No. 9 at 1-2. Plaintiff identifies H&H's shareholders with a 5% or greater interest in any class of voting shares. *Id*. But Plaintiff does not provide any authority for treating H&H, which Plaintiff states is a "limited liability company," differently than all other limited liability companies for purposes of diversity jurisdiction. ECF No. 1 ¶ 9. Nor does Plaintiff provide authority for looking to H&H's 5%-or-greater shareholders for purposes of diversity.

Plaintiff recognizes the deficiencies in its diversity allegations and asks the Court to allow for jurisdictional discovery. ECF No. 9 at 3. "[A] district court has discretion to order jurisdictional discovery in a . . . case with improperly pleaded citizenship." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617-18 (2d Cir. 2019); *see, e.g., Gualandi v. Adams*, 385 F.3d 236, 245 (2d Cir. 2004) (affirming a district court's exercise

---

at 732. For non-traditional trusts, citizenship is generally based on the citizenship of all of the trust's members, including its beneficiaries. *See id.* at 729.

of discretion to deny additional jurisdictional discovery); *Tutor Perini Bldg. Corp. v. N.Y.C. Reg'l Ctr., LLC*, No. 20-cv-00731 (PAE), 2020 WL 7711629, at *2 (S.D.N.Y. Dec. 29, 2020) (allowing "limited jurisdictional discovery to confirm or disprove the existence of complete diversity" among limited liability companies). "[S]uch discretion should be exercised with caution." *Platinum-Montaur Life Scis., LLC*, 943 F.3d at 618.

This Court has already afforded Plaintiff an opportunity to supplement its allegations of diversity of citizenship and establish the Court's subject-matter jurisdiction over this action. *See* ECF No. 8. Plaintiff, in response, supplied additional information in sworn affidavits and supporting documents. ECF Nos. 9-12. Under these circumstances, the Court will grant Plaintiff's request for leave to conduct jurisdictional discovery. *See, e.g.*, *Tutor Perini Bldg. Corp.*, 2020 WL 7711629, at *2-3 (granting limited jurisdictional discovery where the plaintiff alleged diversity of limited liability company membership that was publicly available but "admitted that it does not know the citizenship of each LLC defendant"); *see also United Food & Com. Workers Union, Local 919 v. Centermark Props. Meriden Square*, 30 F.3d 298, 302 (2d Cir. 1994) (remanding to the district court to "allow the parties to supplement the record on the issue of each Union member's citizenship and [to] allow the district court to make an initial determination as to whether complete diversity of jurisdiction exists").

Accordingly, IT IS HEREBY ORDERED that the parties shall undertake and complete such discovery, which shall be limited to document requests and interrogatories sufficient to identify the name and citizenship of all members of SSP, and Plaintiff shall file a submission that sets forth the name and citizenship of all members of SSP as of the date this case was commenced by **January 9, 2023**. This submission shall include the name and citizenship of all of SSP's members' members, if they are limited liability companies. And it shall include the name and citizenship of all of SSP's trusts' trustees and / or beneficiaries, and any other

information, necessary to determine the trusts' citizenship for purposes of diversity jurisdiction. Plaintiff shall also properly state its own citizenship, either by naming and identifying the citizenship of all of its members as is required for a limited liability company, or by providing authority for treating H&H differently than a limited liability company for purposes of diversity jurisdiction.

IT IS FURTHER ORDERD that Plaintiff shall serve and file proof of service of this Order, Plaintiff's December 16, 2022 submissions, the Court's December 9, 2022 Order, and Plaintiff's initial filings (including the Complaint and Summons) on Defendants by **December 22, 2022**.

If Plaintiff is unable to allege a good-faith basis for complete diversity of citizenship by January 9, 2023, the action may be dismissed for lack of subject-matter jurisdiction, without further notice to the parties.

Dated: December 19, 2022
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge